UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN ELDRIDGE TRICE,

        Plaintiff,

v.

PHILLIP J. GREEN et al.,

        Defendants.
_____/

Case No. 1:25-cv-1059

Honorable Paul L. Maloney

## **OPINION**

This is a civil action brought by a state prisoner.[1] Plaintiff has filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) However, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not

---

[1] In his complaint, Plaintiff seeks both immediate release and damages. (Compl., ECF No. 1, PageID.4.) As this Court has previously told Plaintiff, habeas corpus is the exclusive federal remedy for a challenge to the fact or duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 486–87 (1973) (discussing that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). A claim seeking relief other than release is properly brought under 42 U.S.C. § 1983. *Id.* at 494. Here, despite his request for release, Plaintiff used this Court's form complaint for filing a civil action pursuant to § 1983, and Plaintiff's choice to use this Court's form complaint, the Court has construed the instant action to be a civil action rather than one for habeas relief. A civil rights action as well as a petition for mandamus are both subject to the $405.00 filing fee requirement.

paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

---

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

> which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the Michigan federal courts. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Trice v. Holland*, No. 1:98-cv-149 (W.D. Mich. June 15, 1998); *Trice v. Tucker Act*, No. 1:96-cv-854 (W.D. Mich. Dec. 13, 1996); *Trice v. Mayer*, No. 1:96-cv-779 (W.D. Mich. Oct. 22, 1996); *Trice v. Clinton*, No. 2:96-cv-43 (W.D. Mich. Apr. 29, 1996); *Trice v. Toombs*, No. 1:95-cv-860 (W.D. Mich. Feb. 5, 1996); *Trice v. Ager*, No. 1:94-cv-29 (W.D. Mich. Feb. 7, 1994). Although two of the dismissals were entered before enactment of the PLRA on April 29, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604. Moreover, all of the dismissals constitute "strikes" under the standard articulated by the Sixth Circuit in *Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024). In addition, the Court has previously denied Plaintiff leave to proceed *in forma pauperis* under the three-strikes rule. *See Trice v. Koehler*, No. 1:24-cv-700 (W.D. Mich. Aug. 26, 2024); *Trice v. Trump*, No. 1:16-cv-1341 (W.D. Mich. Dec. 1, 2016); *Trice v. Unknown Parties*, No. 1:16-cv-790 (W.D. Mich. July 19, 2016); *Trice v. Bush*, No. 1:03-cv-622 (W.D. Mich. Oct. 14, 2003).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. Plaintiff has named the following individuals as Defendants: (1) Magistrate Judge Phillip J. Green; (2) Judge Janet T. Neff; (3) President William Jefferson Clinton; (4) Mindy Braman; (5) Judge

4

Jane M. Beckering; (6) Bruce Curtis; (7) Joy Holland; (8) the Tucker Act; (9) Judge William F. Ager, Jr.; (10) Magistrate Judge Sally J. Berens; (11) Magistrate Judge Ellen S. Carmody; (12) Judge Wendell Mayer; (13) Willie O. Smith; (14) Chief Clerk Tom Rasdale; (15) Prosecutor William F. Delhey; (16) Governor John M. Engler; (17) Bill Martin; (18) Governor Jennifer Mulhern Granholm; (19) Attorney General Allen J. Soros; (20) Public Defender Mitchell H. Nelson; (21) U.S. Clerk Ronald C. Weston, Sr.; (22) President George W. Bush; (23) Sergeant Michael Morry; (24) Jack Hall; (25) Sergeant Unknown Gerard; (26) Warden Robert J. Meyer; (27) Unknown Party #1, referred to as Baraga's Response Team Assaults; (28) James Carville; (29) Unknown Party #2, referred to as Marquette's Staff Response Team; (30) Lieutenant Ray; (31) Lieutenant Slutbeird; (32) Officer Shoult; (33) Unknown Party #3, referred to as the H.V.C. staff at Emmit 2 Unit Assault; (34) Unknown Arron; (35) Officer Unknown Scrupples; (36) Sergeant Unknown Sanborn; (37) Warden Unknown Conrad; (38) Officer Unknown Matabo; (39) Officer Unknown Hoger; (40) Officer Unknown Tisdale; (40) Unknown Walldrop; (41) Officer Unknown Stakehouse; (42) RUM Unknown Owens; (43) Justice William H. Rehnquest; (44) Justice John Paul Stevens; (45) Justice Sandra Day O'Conner; (46) Judge Antonin Scalia; (47) Justice Anthony M. Kennedy; (48) Justice Clarence Thomas; (49) Justice Ruth Bader Ginsburg; (50) Justice Stephen G. Breyer; (51) Attorney General Janet Reno; (52) Solicitor General Drew S. Days, III; (53) U.S. Clerk William K. Suter; (54) Frank D. Wagner; (55) Marshall Dale E. Bosley; (56) Librarian Shelley L. Dowling; (57) Judge Jerome Turner; (58) Judge William Williams; (59) Governor Ned McWherter; (60) Unknown Parties, referred to as State of Tennessee Defendants; (61) Attorney General Hugh W. Stanton; (62) Assistant Prosecutor Brian L. Mackie; (63) Police Officer Zirl Yek; (64) Police Officer Ronald Koehler; (65) President Barack Obama; (66) President Joseph Biden; (67) Judge Unknown Hillman; (68) Judge David McKeague;

(69) Judge Wendell A. Miles; (70) Attorney General Frank J. Kelley; (71) Governor Rick Snyder; (72) Judge Kenneth Bronson; (73) President Donald J. Trump; and (74) the Michigan Department of Corrections.

In his complaint, Plaintiff alleges that he is a "juvenile lifer" who served 27 years in Tennessee and 38 years in Michigan. (Compl., ECF No. 1, PageID.3.) Plaintiff contends that the police framed him for two homicides that he did not commit. (*Id.*) Plaintiff takes issue with incidents that occurred during his criminal prosecution, and argues that he has been "held hostage 38 years from malicious prosecutions." (*Id.*) Plaintiff claims that he has "been tortured by Defendants" and that he is innocent. (*Id.*) The MDOC's Offender Tracking Information System (OTIS) indicates that Plaintiff is currently serving two life sentences imposed in 1988 after being found guilty at a jury trial of one count of second-degree murder and one count of open murder. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=192845 (last visited Sept. 12, 2025). Plaintiff's allegations go toward the validity of his convictions and sentences and wholly fail to show that Plaintiff was in imminent danger of serious physical injury when he filed this complaint.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

**Conclusion**

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma* pauperis. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[3]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:   September 17, 2025            /s/ Paul L. Maloney
                                       Paul L. Maloney
                                       United States District Judge

---

[3] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.